*OHIO CENTRAL TRACTION CO. v. H. WALTER MATEER.

1. ATTEMPTING TO BOARD AN INTERURBAN CAR IN MOTION PRECLUDES RECOVERY FOR INJURIES BY PROSPECTIVE PASSENGER.

Injuries received by one intending to become a passenger on, and while attempting to board, an interurban car in motion and before the car is stopped, are the result of contributory negligence on the part of such prospective passenger; hence, no recovery therefor can be had, especially, if the jerking motion complained of was caused by slippery rails while the motorman was attempting to stop the car, the motorman not knowing, or by the exercise of ordinary care not having knowledge that such passenger was attempting to get on the car.

2. REVERSAL OF JUDGMENT FOR OVERRULING MOTION TO DIRECT VERDICT AT CLOSE OF PLAINTIFF'S CASE, DEFENDANT HAVING INTRODUCED EVIDENCE, IS ERRONEOUS.

Where a motion to direct a verdict at close of plaintiff's evidence is overruled, and the defendant then introduces evidence, it is error for the reviewing court to reverse the judgment for failure to direct verdict; but the court must look to all the evidence to determine whether a case is made to justify submission to the jury; if on remand it appears that the verdict is not sustained by evidence of plaintiff or defendant, judgment will be reversed.

[Syllabus approved by the court.]

ERROR to Richland common pleas court.

**Cummings, McBride & Wolfe,** for plaintiff in error:

Cited and commented upon the following authorities: *Hunterson* v. *Traction Co.* 205 Pa. St. 568 [55 Atl. Rep. 543]; 1 Moore, Facts Sec. 421; *Schmidt* v. *Railway,* 66 N. J. L. 424 [49 Atl. Rep. 438]; *Powelson* v. *Traction Co.* 204 Pa. St. 474 [54 Atl. Rep. 282]; *Bacon* v. *Railway,* 143 Pa. St. 14 [21 Atl. Rep. 1002]; *Pennsylvania Ry.* v. *Aspell,* 23 Pa. St. 147 [62 Am. Dec. 323]; *Harvey* v. *Railway,* 116 Mass. 269; *Murphy* v. *Railway,* 71 N. J. Law 5 [58 Atl. Rep. 1018]; *Hunter* v. *Railway,* 112 N. Y. 371 [19 N. E. Rep. 820; 2 L. R. A. 832; 8 Am. St. Rep. 752]; *Denny* v. *Railway,* 132 N. C. 340 [43 S. E. Rep. 847]; *Gordon* v. *Railway,* 132 N. C. 565 [44 S. E. Rep. 25]; *Pope* v. *Railway,* 113 Ill. App. 503; *Nathan* v. *Railway,* 91 N. Y. Supp. 35; *Monroe* v. *Railway,* 79 App. Div. 587 [80 N. Y. Supp. 177]; *Erie Ry.* v. *McCormick,* 69 Ohio St. 45 [68 N. E. Rep. 571]; *Ashtabula Rapid*

―――――――――――――――――――――――――――――――――――――――――

*Affirmed, no op., *Mateer* v. *Traction Co.* 81 Ohio St. 494.

Traction Co. v. Mateer.

*Trans. Co.* v. *Holmes,* 67 Ohio St. 153 [65 N. E. Rep. 877]; *Timmons*
v. *Railway,* 6 Ohio St. 105; *Cincinnati, L. & A. Elec. Ry.* v. *Lohe,* 68
Ohio St. 101 [67 N. E. Rep. 161; 67 L. R. A. 637]; *Baltimore & O. Ry.*
v. *Johnson,* 71 Ohio St. 475; 1 Fetter, Car. Pass. 595, Sec. 228; *Schepers*
v. *Railway,* 126 Mo. 665 [29 S. W. Rep. 712]; *Baltimore Trac. Co.* v.
*State,* 78 Md. 409 [28 Atl. Rep. 397]; *Stager* v. *Railway,* 119 Pa. St.
70 [12 Atl. Rep. 821]; *Basch* v. *Railway,* 40 Ill. App. 583; *Gordon* v.
*Railway,* 175 Mass. 181 [55 N. E. Rep. 990]; *Cincinnati Trac. Co.* v.
*Holzenkamp,* 74 Ohio St. 379 [78 N. E. Rep. 529; 6 L. R. A. (N. S.)
800; 113 Am. St. Rep. 980]; *Picard* v. *Railway,* 147 Pa. St. 195 [23
Atl. Rep. 566].

**Brucker & Cummins,** for defendant in error:

Motion to direct a verdict. *Union Pacific Ry.* v. *Daniels,* 152 U. S.
684 [14 Sup. Ct. Rep. 756; 38 L. Ed. 597]; *Runkle* v. *Burnham,* 153
U. S. 216 [14 Sup. Ct. Rep. 837; 38 L. Ed. 694]; *Columbia & P. S.
Ry.* v. *Hawthorne,* 144 U. S. 202 [12 Sup. Ct. Rep. 591; 36 L. Ed.
405]; *Grand Trunk Ry.* v. *Cummings,* 106 U. S. 700 [1 Sup. Ct. Rep.
493; 27 L. Ed. 266]; *Accident Ins. Co.* v. *Crandal,* 120 U. S. 527 [7
Sup. Ct. Rep. 685; 30 L. Ed. 740]; *Northern Pacific Ry.* v. *Mares,* 123
U. S. 710 [8 Sup. Ct. Rep. 321; 31 L. Ed. 296]; *Robertson* v. *Perkins,*
129 U. S. 233 [9 Sup. Ct. Rep. 279; 32 L. Ed. 686]; *Northwestern
Steamship Co.* v. *Griggs,* 146 Fed. Rep. 472 [77 C. C. A. 28]; *Western
Union Tel. Co.* v. *Thorn,* 64 Fed. Rep. 287 [12 C. C. A. 104]; *Pike*
v. *White,* Wri. 758; *Bradley* v. *Poole,* 98 Mass. 169 [93 Am. Dec. 144];
*Denver & R. G. Ry.* v. *Robinson,* 6 Colo. App. 432 [40 Pac. Rep. 840];
*Chamberlain* v. *Woodin,* 2 Idaho 642 [23 Pac. Rep. 177]; *Chicago &
G. W. Ry.* v. *Wedel,* 144 Ill. 9 [32 N. E. Rep. 547]; *McGregory* v.
*Prescott,* 59 Mass. 67; *Lynch* v. *Johnson,* 109 Mich. 640 [67 N. W.
Rep. 908]; *Thompson* v. *Avery,* 11 Utah 214 [39 Pac. Rep. 829]; *Carr*
v. *Manahan,* 44 Vt. 246; *Scoland* v. *Scoland,* 4 Wash. 118 [29 Pac.
Rep. 930]; 46 Cent. Dig. Sec. 982; *Painton* v. *Railway,* 83 N. Y. 7;
*Dean* v. *Corbett,* 51 N. Y. Super. 103; *Carroll* v. *O'Shea,* 2 Misc. 437
[21 N. Y. Supp. 956]; *Illstad* v. *Anderson,* 2 N. D. 167 [49 N. W.
Rep. 659]; *Lake Shore & M. S. Ry.* v. *Richards,* 152 Ill. 59 [38 N. E.
Rep. 773; 30 L. R. A. 33]; *Totten* v. *Burhans,* 103 Mich. 6 [61 N. W.
Rep. 58]; *Noyes* v. *Parker,* 64 Vt. 379 [24 Atl. Rep. 12]; *Poling* v.
*Railway,* 38 W. Va. 645 [18 S. E. Rep. 782; 24 L. R. A. 215]; *Perkins*
v. *Thornburgh,* 10 Cal. 189; *Weil* v. *Nevitt,* 18 Colo. 10 [31 Pac. Rep.
487]; *Werner* v. *Footman,* 54 Ga. 128; *Maclin* v. *Bloom,* 54 Miss. 365;
*Perth Amboy Mfg. Co.* v. *Condit,* 21 N. J. L. 659; *Smith* v. *Isaacs,* 37

### Richland County.

N. Y. Super. 3; *O'Connell* v. *Samuel,* 81 Hun 357 [30 N. Y. Supp. 889]; *Cattell* v. *Furgusson,* 3 Wash. 541 [28 Pac. Rep. 750]; *Barton* v. *Kane,* 17 Wis. 38; 48 Cent. Dig. Sec. 982; *Matson* v. *Railway,* 9 Wash. 529 [37 Pac. Rep. 707].

Charge of the trial court. *Pittsburg, C. & St. L. Ry.* v. *Krause,* 30 Ohio St. 222; *Holzenkamp* v. *Traction Co.* 14 Dec. 586 (2 N. S. 157), affirmed, *Cincinnati Trac. Co.* v. *Holzenkamp,* 16 Dec. 673 (3 N. S. 537), affirmed, *Cincinnati Trac. Co.* v. *Holzenkamp,* 74 Ohio St. 379 [78 N. E. Rep. 529; 6 L. R. A. (N. S.) 800; 113 Am. St. Rep. 980]; *Altemeier* v. *Railway,* 5 Dec. 655 (4 N. P. 224); *Carney* v. *Railway,* 8 Dec. 587; *Butler* v. *Railway,* 121 N. Y. 112 [24 N. E. Rep. 187]; *Cincinnati, H. & D. Ry.* v. *Nolan,* 4 Circ. Dec. 409 (8 R. 347); Beach, Contrib. Neg. 186, Sec. 145; *Mills* v. *Railway,* 94 Tex. 242 [59 S. W. Rep. 874; 55 L. R. A. 497]; *Wyatt* v. *Railway,* 55 Mo. 485; *Fulks* v. *Railway,* 111 Mo. 335 [19 S. W. Rep. 818]; *Schepers* v. *Railway,* 126 Mo. 665 [29 S. W. Rep. 712]; *Cousins* v. *Railway,* 96 Mich. 386 [56 N. W. Rep. 14]; *Baltimore & O. Ry.* v. *Kane,* 69 Md. 11 [13 Atl. Rep. 387; 9 Am. St. Rep. 387; 3 Am. Neg. Cas. 689]; *New York, P. & N. Ry.* v. *Coulbourn,* 69 Md. 360 [9 Am. St. Rep. 430]; *North Birmingham Ry.* v. *Liddicoat,* 99 Ala. 545 [13 So. Rep. 18; 2 Am. Neg. Cas. 99]; *Texas & Pacific Ry.* v. *Murphy,* 46 Tex. 356 [26 Am. Rep. 272; 6 Am. Neg. Cas. 462]; *Atchinson, T. & S. F. Ry.* v. *McCandliss,* 33 Kan. 366 [6 Pac. Rep. 587; 3 Am. Neg. Cas. 430]; *Warren* v. *Railway,* 37 Kan. 408 [15 Pac. Rep. 601; 3 Am. Neg. Cas. 442]; *Shannon* v. *Railway,* 78 Me. 52 [2 Atl. Rep. 678; 3 Am. Neg. Cas. 585]; *Johnson* v. *Railway,* 70 Pa. St. 357; *Little Rock & Ft. S. Ry.* v. *Atkins,* 46 Ark. 423; *North Chicago St. Ry.* v. *Williams,* 140 Ill. 275 [29 N. E. Rep. 672]; *Omaha St. Ry.* v. *Martin,* 48 Neb. 65 [66 N. W. Rep. 1007]; *Ober* v. *Railway,* 44 La. Ann. 1059 [32 Am. St. Rep. 366]; *Finkeldey* v. *Cable Co.* 114 Cal. 28 [45 Pac. Rep. 996]; *Pittsburgh & L. E. Ry.* v. *Gongwahr,* 1 O. S. U. 30 (22 Bull. 280); *North Chicago St. Ry.* v. *Wiswell,* 168 Ill. 613 [48 N. E. Rep. 407]; *Central Pass. Ry.* v. *Rose,* 15 Ky. Law 209 [22 S. W. Rep. 745]; *Picard* v. *Railway,* 147 Pa. St. 195 [23 Atl. Rep. 566]; *Sahlgaard* v. *Railway,* 48 Minn. 232 [51 N. W. Rep. 111]; *Gallagher* v. *Railway,* 156 Mass. 157 [30 N. E. Rep. 480]; *Carroll* v. *Transit Co.* 107 Mo. 653 [17 S. W. Rep. 889]; *Bacon* v. *Railway,* 143 Pa. St. 14 [21 Atl. Rep. 1002]; *Citizens' St. Ry.* v. *Spahr,* 7 Ind. App. 23 [33 N. E. Rep. 446; 3 Am. Neg. Cas. 23]; *Murphy* v. *Railway,* 43 Mo. App. 342 [4 Am. Neg. Cas. 383]; *Corlin* v. *Railway,* 154 Mass. 197 [27 N. E. Rep. 1000; 3 Am. Neg. Cas. 871]; *White* v.

Traction Co. v. Mateer.

*Railway*, 92 Ga. 494 [17 S. E. Rep. 672]; *Briggs* v. *Railway*, 148 Mass. 72 [19 N. E. Rep. 19; 12 Am. St. Rep. 518]; *Walters* v. *Traction Co.* 161 Pa. St. 36 [28 Atl. Rep. 941]; *Austrian* v. *Traction Co.* 19 Pa. Super. 329; *Packard* v. *Traction Co.* 12 Circ. Dec. 822 (22 R. 578); *Butler* v. *Railway*, 121 N. Y. 112 [24 N. E. Rep. 187; 5 Am. Neg. Cas. 325]; *Hunterson* v. *Traction Co.* 205 Pa. St. 568 [55 Atl. Rep. 543]; *Solomon* v. *Railway*, 103 N. Y. 437 [9 N. E. Rep. 430; 57 Am. Rep. 760]; *Hunter* v. *Railway*, 126 N. Y. 18 [26 N. E. Rep. 958; 12 L. R. A. 429]; *Cleveland City Ry.* v. *Osborn*, 66 Ohio St. 45 [63 N. E. Rep. 604]; *Altemeire* v. *Railway*, 5 Dec. 655 (4 N. P. 224), affirmed, *Cincinnati St. Ry.* v. *Altemeier*, 60 Ohio St. 10 [53 N. E. Rep. 300]; *Cincinnati, L. & A. Elec. St. Ry.* v. *Lohe*, 68 Ohio St. 101 [67 N. E. Rep. 161; 67 L. R. A. 637]; *Conner* v. *Railway*, 105 Ind. 62 [4 N. E. Rep. 441; 55 Am. Rep. 177; 3 Am. Neg. Cas. 181].

**TAGGART, J.**

The plaintiff filed his petition in the court of common pleas, alleging in substance that on October 13, 1903, the defendant operated and controlled an electric railroad, running from the city of Bucyrus to the city of Mansfield; that along its way and a few miles from Mansfield, there was a platform used by the defendant for passengers, desiring to get off and on the defendant's cars; that on October 13, 1903, at about 7 A. M., the plaintiff went to this platform for the purpose of boarding one of defendant's cars on its way to Mansfield; that when the plaintiff saw the car coming, he signaled the motorman to stop; that the motorman saw the plaintiff standing upon the platform and slackened the speed of his car, and that when the rear end of the car reached the platform the brake was on and the car moving slowly and apparently about to stop, and that the plaintiff, believing that the car would stop, took hold of the handles on the rear of the car and was about to step on, when the motorman so negligently and carelessly operated said car that it gave a sudden jerk and started ahead rapidly, thereby throwing the plaintiff off of the platform and on to the ground, and injured him to his damage in the sum of $10,000.

To this petition an answer was filed, practically admitting all the averments in the petition, excepting that it denied any negligence or carelessness on the part of the defendant or the motorman operating the car, or that the car was suddenly started forward or jerked, and denying that the plaintiff was injured to the extent claimed in the peti-

tion. The answer also alleges contributory negligence on the part of the plaintiff.

A reply was filed in which each and every allegation in the answer was denied. A verdict was returned in favor of the plaintiff. A motion for a new trial was overruled and judgment rendered on the verdict.

A petition in error was filed in this court, and on a former hearing the judgment of the court of common pleas was reversed, for the reason that the court of common pleas erred in overruling the defendant's motion made at the close of plaintiff's evidence to direct the jury to return a verdict for the defendant. Thereupon error was prosecuted to the Supreme Court, *Mateer* v. *Traction Co.* 78 Ohio St. 431, which, without opinion, reversed the circuit court and remanded the case, for the reason that this court erred in reversing the common pleas for refusing to direct a verdict, the holding of the Supreme Court being to the effect that where a motion is overruled at the end of plaintiff's evidence, and the defendant thereafter introduces evidence in the case, the court must look to all the evidence in the case for the purpose of determining whether or not a case had been made, which would justify the court below in submitting it to the jury.

This case is now back to this court for the purpose of determining whether or not, taking all of the evidence, there was a case made against the defendant. We have examined all of the evidence presented in the bill of exceptions, and find no testimony offered in defendant's behalf which supported or tended to support the allegations of plaintiff's petition.

On the question of liability, practically the only difference between the plaintiff and the defendant was as to whether or not the motorman was careless and negligent in jerking the car or starting it suddenly forward whilst the plaintiff was getting on.

The testimony in behalf of the plaintiff was to the effect that the motorman was trying to stop the car and had not succeeded in doing so, and that the car was running very slowly and that just as he was about to step on the car and after he had taken hold of the handles of the car, the car started suddenly forward with a jerk. The testimony of defendant's witnesses is to the effect that the car was running at probably four or five miles an hour when the plaintiff attempted to get on it; that the rails were slippery and the motorman was doing all he could to stop the car.

If the contention of the defendant is correct, there certainly could

Traction Co. v. Mateer.

be no liability, and if the contention of the plaintiff is correct, then likewise there can be no recovery. It was the duty of the defendant to stop its car to allow passengers to get on and off, and no passenger is required to get on or off a car whilst it is in motion and if a passenger attempts to get off or on a car whilst in motion, he does so at his peril.

If the plaintiff can recover, it must be by reason of the violation of some duty owing by the defendant to the plaintiff. The motorman had a right to run that car and jerk it as he pleased, so far as the plaintiff was concerned, so long as the plaintiff was not a passenger on that car. Of course if the motorman knew that the plaintiff was attempting to get on the car whilst in motion, or by the exercise of ordinary care could have known the same, or if it had been the custom of the plaintiff to board the car whilst in motion and the motorman knew that, then the defendant would owe the plaintiff a duty and would have to exercise such care in the operation of his car as not to injure the plaintiff.

We think that in this case where the plaintiff having undertaken to get on the car whilst in motion, and whilst the motorman was attempting to stop the car, the plaintiff did so at his peril and cannot recover from the company for any injury sustained to him.

We think that from the pleadings and evidence in this case the verdict is not sustained by any evidence and is contrary to law, and the judgment of the court of common pleas should be reversed and the petition of the plaintiff dismissed. The journal entry may be prepared in accordance with this holding and exceptions will be noted for the plaintiff.

**Donahue** and **Craine, JJ.,** concur.